# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| JANE DOE,<br>        Plaintiff | )<br>)<br>) |
| v. | )    No. 2:11-cv-025-DBH<br>) |
| REGIONAL SCHOOL UNIT NO. 21,<br>        Defendant | )<br>)<br>) |

## DECISION AND ORDER ON PLAINTIFF'S
## MOTION TO DISMISS THE DEFENDANT'S COUNTERCLAIM

The issue on this motion to dismiss a counterclaim is whether the counterclaim is untimely or moot. I conclude that it is neither, and **DENY** the motion to dismiss.

### PROCEDURAL POSTURE

In August 2010, the plaintiff filed a hearing request challenging Regional School Unit No. 21's (the "School District") proposed Individual Education Plan ("Plan" or "IEP") for her son under the Individuals with Disabilities Education Act ("IDEA").

Following an administrative hearing, a hearing officer vacated the School District's proposed Plan, and ordered the School District to conduct a functional behavioral assessment, develop a behavior intervention plan, and then incorporate this plan into a new IEP. Special Education Due Process Hearing at 36-37 (Docket Item 5). The School District complied with these elements of the Hearing Officer's decision, Opp'n to Pl.'s Mot. to Dismiss

Counterclaim at 5 (Docket Item 16), but the plaintiff was not content with the School District's new IEP and proposed placement of her son thereafter.

On January 20, 2011, the plaintiff filed this federal lawsuit, in her words "challenging only the portion of the [Hearing Officer's] remedial order that improperly delegated to the [School] District the hearing officer's legal authority to make the determination—without further review or opportunity for [the plaintiff] to challenge—whether [her son] required placement in a segregated, self-contained behavior classroom placement, based on the results of the [functional behavioral assessment] and the new IEP." Mot. to Dismiss Counterclaim at 3 (Docket Item 13).[1] On March 8, 2011, the School District filed an answer and asserted a counterclaim, challenging the rest of the Hearing Officer's decision. Answer and Counterclaim (Docket Item 10). The plaintiff then filed this motion to dismiss the counterclaim on the grounds that it is both moot and untimely. Mot. to Dismiss Counterclaim at 4-5.

## ANALYSIS

### *Mootness*

"When a case is moot -- that is, when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome -- a case or controversy ceases to exist, and dismissal of the action is compulsory." Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001). The plaintiff says that the counterclaim is moot because the School District has already complied with the Hearing Officer's order that it undertake a behavioral assessment, develop

---

[1] The plaintiff's complaint also seeks attorney's fees. Compl. at 10-11 (Docket Item 1).

a new behavior plan, and review its school placement decision. Mot. to Dismiss Counterclaim at 5-7.[2]

Here, the underlying dispute over the appropriateness of the School District's IEP and school placement decision for the plaintiff's son remains unresolved. Although the School District defends what it has done in response to the Hearing Officer's decision, it also maintains that the plaintiff is not entitled to the relief she seeks in this federal lawsuit because the Hearing Officer erred in finding the School District's *original* IEP inappropriate. Opp'n to Pl.'s Mot. to Dismiss Counterclaim at 5 & n.3.

Since the plaintiff continues to challenge her son's placement and seeks various forms of relief, the School District is entitled to resist her claims both by asserting the appropriateness of what it did in response to the Hearing Officer's decision and by arguing that nothing was wrong with the original placement.[3] "Compliance . . . does not moot an appeal if other issues remain to be decided . . ." 13B C. Wright, A. Miller, and E. Cooper, Federal Practice and Procedure § 3533.2.2, at 857 (3d ed. 2008). "To establish mootness, the party raising it must show that the court cannot grant any 'effectual relief whatever' to its opponent." N.H. Motor Transp. Ass'n v. Rowe, 448 F.3d 66, 73 (1st Cir. 2006) (quoting Church of Scientology of Cal. v. United States, 506 U.S. 9, 12-13 (1992)). The School District's counterclaim is not moot.

---

[2] The School District concedes that it complied with these aspects of the Hearing Officer's decision. Opp'n to Pl.'s Mot. to Dismiss Counterclaim at 5 (Docket Item 16).
[3] It did so in its Answer and Counterclaim at 15 (Docket Item 10) and in its Opposition to the Plaintiff's Motion to Dismiss the Counterclaim at 5-7.

*Statute of Limitations*

The Individuals with Disabilities Education Act authorizes any party aggrieved by an administrative decision to bring a civil action in federal court. 20 U.S.C. § 1415(i)(2)(A). It also states that "[t]he party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring [the] action, or, if the State has an explicit time limitation for bringing [the] action . . . , in such time as the State law allows." 20 U.S.C. § 1415(i)(2)(B). Here, the Maine Unified Special Education Regulation provides the same limitations period. 10-05 Code of Maine Rules, ch. 101, § XVI.19(B) ("The party bringing the action shall have 90 days from the date of the decision of the hearing officer . . . to file a civil action").

The plaintiff filed this lawsuit on January 20, 2011, within 90 days of the hearing officer's November 17, 2010 decision. It then completed service of process on February 15, 2011. The defendant filed its answer and counterclaim on March 8, 2011, within the applicable response deadline to the complaint, but more than 90 days after the hearing officer's decision. The plaintiff contends that I must dismiss the counterclaim as untimely. Mot. to Dismiss Counterclaim at 7. I disagree for the following reasons.

This court previously rejected such an argument in Mr. and Mrs. R. v. Maine School Administrative District No. 35, also an action brought under the Individuals with Disabilities Education Act. See Mr. and Mrs. R., No. 00-367, 2001 U.S. Dist. LEXIS 25080, at *6-8 (D. Me. Feb. 20, 2001), aff'd, 2001 U.S. Dist. LEXIS 25079 (D. Me. Apr. 2, 2001). At the time of that decision, the IDEA

did not have the specific limitations period I have quoted. Mr. and Mrs. R. nevertheless adopted the majority view that "the institution of [a] plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim." 6 C. Wright, A. Miller, and M. Kane, Federal Practice and Procedure § 1419, at 179-80 (3d ed. 2010); see also, e.g., Kirkpatrick v. Lenoir Cnty. Bd. of Educ., 216 F.3d 380, 388 (4th Cir. 2000) ("a compulsory counterclaim relates back to the time of the filing of the plaintiff's complaint"); Giordano v. Claudio, 714 F. Supp. 2d 508, 522-23 (E.D. Pa. 2010) (same); N. Cnty. Commc'ns. Corp. v. Verizon Global Networks, Inc., 685 F. Supp. 2d 1112, 1119 (S.D. Cal. 2010) (same).[4] (Here, the School District's counterclaim is compulsory because it arises from the same administrative hearing and decision, involves the same child and school district, and relies on the same law. See Fed. R. Civ. P. 13(a)(1)(A) (a counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.").)

Moreover, the language of the explicit limitations provision later added to the IDEA requires that conclusion.[5] Both the Third and Fifth Circuits have held that this new "plain language . . . allows for a compulsory counterclaim to

---

[4] The plaintiff attempts to distinguish Mr. and Mrs. R. by arguing that the statute of limitations period is tolled for "defensive counterclaims" such as claims for recoupment, but not for "affirmative counterclaims" that state independent causes of action. Mot. to Dismiss Counterclaim at 8-9. Mr. and Mrs. R. did not make this distinction. Furthermore, the Fifth Circuit has recently rejected that argument. Ruben A. v. El Paso Indep. Sch. Dist., No. 09-50966, 2011 U.S. App. LEXIS 3906, at *5-8 (5th Cir. Mar. 1, 2011) (reversing district court decision relying on this distinction).

[5] Congress amended the IDEA to provide this statute of limitations provision in 2004, effective July 1, 2005. See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, sec. 101, § 615(i)(2)(B), 118 Stat. 2647, 2724 (2004).

5

be filed beyond the 90-day window for bringing a civil action." Johnson H. v. The Souderton Area Sch. Dist., 562 F.3d 527, 530 (3d Cir. 2009); Ruben A. v. El Paso Independent Sch. Dist., No. 09-50966, 2011 U.S. App. LEXIS 3906, at *5-8 (5th Cir. Mar. 1, 2011). The Third Circuit explained that in the language of the new limitations provision, "a defendant does not 'bring an action' by asserting a counterclaim" because "a counterclaim is reactive" and "filed only after the plaintiff has initiated the case by a bringing a civil action." Johnson H., 562 F.3d at 529-30. The 90-day limit applies only to a plaintiff, the party who "may 'bring an action.'" Id. at 530; see also Ruben A., 2011 U.S. App. LEXIS 3906, at *8 (statute of limitations provision "specifically applies to '[t]he party bringing the action' and neither expressly nor impliedly limits the filing of counterclaims in response to civil actions brought in federal court"); D.B. v. Sutton Sch. Dist., No. 10-10897, 2011 U.S. Dist. LEXIS 11033, at *11 (D. Mass. Feb. 3, 2011) (adopting the reasoning of the Third Circuit). This reasoning is persuasive.

In the absence of a First Circuit ruling, I follow the Third and Fifth Circuits. Accordingly, the School District's compulsory counterclaim is timely.

## CONCLUSION

For the foregoing reasons, I **DENY** the plaintiff's motion to dismiss the defendant's counterclaim.

**SO ORDERED.**

**DATED THIS 1ST DAY OF JUNE, 2011**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**