UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JANE DOE,                          )
                                   )
            Plaintiff              )
                                   )
v.                                 )            No. 2:11-cv-25-DBH
                                   )
REGIONAL SCHOOL UNIT NO. 21,       )
                                   )
            Defendant              )

*MEMORANDUM DECISION ON MOTIONS TO SUPPLEMENT RECORD*

Both sides in this case arising under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415, seek leave to add materials to the administrative record. The plaintiff's motion (Docket No. 20) is unopposed, and, accordingly, is granted, as indicated at the oral argument that was held on the motions on August 5, 2011. A portion of the defendant's motion is unopposed as well, encompassing Exhibits 1 and 7-9 (Docket Nos. 19-1 and 19-7 through 19-9) attached to its motion (Docket No. 17), and that portion of the motion is granted also. The parties' dispute concerns Exhibits 2-6 to the defendant's motion (Docket Nos. 19-2 through 19-6) and the affidavits of four individuals (Docket Nos. 17-1 through 17-4). For the reasons that follow, I grant the defendant's motion to supplement the record, and will allow the plaintiff to take limited depositions of these individuals that will displace their affidavits.

The action is brought pursuant to 20 U.S.C. § 1415, which provides, in relevant part, that a party aggrieved by the decision of a hearing officer with respect to the free public education provided to a disabled child may bring an action in federal court in which the court "shall hear

1

additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C). The First Circuit has interpreted this statutory language to require a reviewing court to grant a party leave to present additional evidence only when that party presents "solid justification" for such supplementation of the record. *Roland M. v. Concord Sch. Comm.*, 910 F.2d 983, 996 (1st Cir. 1990). The defendant relies on language from an early First Circuit construction of the statute, *Town of Burlington v. Department of Educ.*, 736 F.2d 773 (1st Cir. 1984), in which one of four listed possible reasons for allowing supplementation of the administrative record is "evidence concerning relevant events occurring subsequent to the administrative hearing," *id*. at 790.

As the First Circuit has clarified, a party has no absolute right to adduce additional evidence upon request:

> As a means of assuring that the administrative process is accorded its due weight and that judicial review does not become a trial *de novo*, thereby rendering the administrative hearing nugatory, a party seeking to introduce additional evidence at the district court level must provide some solid justification for doing so. To determine whether this burden has been satisfied, judicial inquiry begins with the administrative record. A district court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.

*Roland M.*, 910 F.2d at 996 (citation and internal punctuation omitted).

To the extent that "[t]he evidence the [defendant] now propose[s] to adduce sheds light on the manner in which specialized services actually have been provided to [the minor plaintiff], including the IEP [Individualized Education Program] developed for [him]," it "would be relevant, non-cumulative and helpful were the court to reach the question whether the [minor plaintiff's] placement . . . was appropriate." *C.G. and B.S. v. Five Town Community Sch. Dist.*, 436 F.Supp.2d 181, 186 (D. Me. 2006). Similarly, proposed evidence that sheds light on the

2

appropriateness of the IEP properly at issue in light of the severity of the minor plaintiff's disabilities may also be added to the record. *Id.* It must also be borne in mind that "an administrative hearing witness is rebuttably presumed to be foreclosed from testifying" before this court. *Town of Burlington*, 736 F.2d at 791. Such witnesses should be allowed to testify only about post-hearing events and only if their testimony is both relevant and not cumulative. *See Mr. and Mrs. I. v. MSAD No. 55*, No. Civ.04-165-P-H, 2004 WL 2397402 (D. Me. Oct. 27, 2004), at *2.

Here, the disputed material includes affidavits from the minor plaintiff's regular first grade teacher, his special education teacher, the defendant's director of special education, and a behavioral expert who performed the functional behavior assessment that is in the record, presenting her evaluation of the materials that are Exhibit 9 (Docket No. 19-9), to which the plaintiff does not object.

Counsel for the defendant stated at oral argument that the disputed documents, as well as the affidavits, concern how the minor plaintiff did in his stay-put placement at the consolidated school, since the time of the due process hearing that resulted in the ruling that is challenged here. He contended that such information is particularly important in this case because it concerns a very young child.

Counsel for the plaintiff responded at oral argument that the defendant's argument entirely missed the point of the plaintiff's appeal, which, he said, raises only a procedural question, specifically, whether the hearing officer deprived the plaintiff of her right to a second due process hearing when she set aside the defendant's placement decision and ordered the defendant to conduct a functional behavioral assessment and develop a behavior intervention plan incorporated in a new IEP, without any further review by a hearing officer.

This view is certainly consistent with Judge Hornby's interpretation of the complaint in his ruling on the plaintiff's motion to dismiss the defendant's counterclaim in this action, Decision and Order on Plaintiff's Motion to Dismiss the Defendant's Counterclaim (Docket No. 26) at 2, but that statement of the claim does not, it seems to me, necessarily limit admission of supplemental evidence to that which the plaintiff finds acceptable. For example, if the court were to reject the plaintiff's argument, it would still need to address the defendant's claim that the hearing officer erred in rejecting its initial plan for the minor plaintiff, and the disputed evidence may cast some light on that issue.

In any event, I am not prepared at this point in the proceedings to foreclose consideration of the material submitted by the defendant. The plaintiff takes the position that "if RSU 21's additional evidence is permitted to be introduced, then Plaintiff would have to be afforded, and hereby requests, the opportunity to submit rebuttal evidence on all the issues raised by Defendant's witnesses." Plaintiff's Partial Objection to Defendant RSU 21's Motion to Supplement the Record (Docket No. 25) at 4. The plaintiff has been aware, at least since May 9, 2011 (Docket Nos. 17-19), of the precise documentary and testimonial evidence that the defendant wished to add to the record. By the time of oral argument, she could certainly have identified the specific "rebuttal" evidence that she claims to be entitled to submit, but she has not done so. Accordingly, as I suggested at oral argument, I am willing only to allow the plaintiff to cross-examine the witnesses from whom the defendant has offered affidavits. As counsel agreed at oral argument, the transcripts of those depositions will supercede the affidavits as soon as they are filed with the court.

Those depositions are to be scheduled as soon as possible and are to be limited in scope, as to each deponent, to the subject matter of that individual's existing affidavit. The depositions

are to be completed no later than September 16, 2011, and, as soon as all four transcripts are filed with the court, I will set deadlines for the filing of the parties' briefs and subsequent opposing memoranda of law.

Dated this 16th day of August, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*